## EXUM v. ALEXANDER.

### No. 4493.

Court of Civil Appeals of Texas. Beaumont.

Jan. 15, 1948.

Rehearing Denied Feb. 4, 1948.

O'Fiel & O'Fiel, of Beaumont, for appellant.

A. L. Bevil, of Kountze, for appellee.

COE, Chief Justice.

This suit was brought in the nature of a trespass to try title by Joe Exum against Odis Alexander to recover the title and possession of lot number 7 in block number 40 of the Sante Fe Townsite Addition to the town of Silsbee, Hardin County, Texas, according to the map or plat of said town on file with the County Clerk of Hardin County, Texas, reference to which is made. Defendant Alexander answered by a general denial, plea of not guilty of the 2, 3, 4, 5, 10 and 25 year statute of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519, 5526, 5527, plea of innocent purchaser for valuable consideration without notice and improvements in good faith, as well as a cross action for the land sued for by the plaintiff. At the conclusion of the evidence the trial court instructed a verdict for the plaintiff, Joe Exum, for the land sued for and for the defendant, Alexander, for improvements made in good faith in the sum of $2,000, and provided that no writ of possession or restitution should be issued until the plaintiff, Joe Exum, had paid to the defendant, Odis Alexander, the said sum of $2,000. From that judgment both parties have appealed. Neither party filed a motion for a new trial.

The plaintiff, Joe Exum, complains of that portion of the judgment granting the defendant, Alexander, recovery of $2,000 for improvements made in good faith and the defendant, Odis Alexander, complains of that portion of the judgment which awards to the plaintiff, Exum, the title to the land in controversy. For convenience, the parties will be referred to as plaintiff and defendant as they were in the trial court.

The defendant, Odis Alexander, contends that the trial court was in error in instructing a verdict against him and entering judgment for plaintiff for the land sued for, contending that the evidence wholly failed to show any title in him for the land for which he brought the suit, and that the record does not contain sufficient proof, evidence or data by which the land described in plaintiff's deed can be located. The plaintiff, Exum, contends that the trial court was in error in granting the defendant, Alexander, judgment for the value of the improvements, first: for the reason that the evidence does not show that he and those under whom he held and claimed had had adverse possession of the premises in controversy for at least one year next before the commencement of such suit and second: that there is no evidence in the record as to the value of the property or premises in controversy at the time of trial with such improvements as made before the commencement of this suit or the value of the premises recov-

996

ered without the improvements and the value and the use of the occupation of the premises during such period of occupation and third: that such judgment was erroneous for the reason that the chain of title relied upon by the defendant, Alexander, contains one or more quitclaim deeds and therefore he could not, under the law, be an innocent purchaser.

The conclusion we have reached as to the proper disposition of defendant Odis Alexander's first point renders it unnecessary for us to discuss any other point raised by either party. It was agreed between the parties that the Sante Fe Townsite Company, a private corporation, was the common source of title, said agreement further provided, "but this agreement is not intended to have, and shall not be construed as having, any bearing upon whether either of the parties has a claim of title or if title is from such common source, and is not admission that either of the parties has title to the land in controversy". The plaintiff, Exum, offered in evidence a deed dated the 20th day of April, 1918 from the Sante Fe Townsite Company, a private corporation, conveying to him "lot number seven (7) in block number forty (40), situated in the town of Silsbee, according to the map or plat of said town now on file with the County Clerk of said county". This deed was filed for record on the 4th day of May, 1942 which was a few days more than 24 years after its execution. On March 31, 1925 the Sante Fe Townsite Company conveyed to John H. Kirby all of the property real, personal and mixed, including the entire assets, rights, claims, demands, effects and choses in action whatever kind, sort and description whatsoever now owned, held, claimed or possessed by the said Sante Fe Townsite Company in the State of Texas or wherever situated. The defendant, Alexander, undertook to establish title in himself under the title emanating in this deed by introducing certain deeds from John H. Kirby to Port City Realty Company; Port City Realty Company to A. E. Kerr, Trustee in Bankruptcy of the Estate of John Henry Kirby; A. E. Kerr, as trustee, to L. A. Yankie; L. A. Yankie to Frank Robinson and from Frank Robinson to the defendant by deed dated May 4, 1942.

■ Since the plaintiff, Exum, must recover, if at all, on the strength of his title and not upon the weakness of defendant's title, we will not discuss the title as exhibited by the defendant. 41 Texas Jur., page 492, Sec. 30, and cases there cited.

■■ As heretofore stated, the plaintiff sued for lot number 7 in block number 40 of the Sante Fe Townsite, an addition to the town of Silsbee in Hardin County, Texas, and undertook to show title to said lot by introducing deed from the common source of title conveying to him lot number 7 in block number 40 situated in the town of Silsbee. Having sued for lot in an addition to the town of Silsbee, the plaintiff wholly failed to show title to such property by introducing a deed conveying a lot by the same number in a block by the same number in the town of Silsbee. This being the only effort made by plaintiff to show title to the land sued for, he failed to make such proof as would authorize the trial court to enter judgment awarding him the title to such property. 41 Texas Jur., page 97, et seq. The plaintiff, Exum, contends that the following agreement, which was made by the parties during the trial of the cause, eliminates this deficiency in his proof of title:

"Then it is stipulated by and between counsel for the plaintiff, Joe Exum, and the defendant, Odis Alexander, and cross-defendant, Frank Robinson * * *

"The Court: All right, sir, go ahead.

"Mr. O'Fiel: That the Sante Fe Townsite was duly surveyed and a plat and dedication thereof of date 1914 and 1924 which is shown in plat record No. 1, page 242 and deed record 96, page 116; all the legal requirements were required with and same accurately reflects the townsite as it is and that among the numerous and various lots and blocks as dedicated and layed out in such plat or dedication, there is one Lot 7, Block 40, of the Sante Fe Townsite to the Town of Silsbee, Hardin County, Texas, being the same and identical property under controversy and in question in this suit." We are unable to see anything in this agreement which aids the plaintiff's claim of title to the lot in controversy. There was no question as to the property in controversy as reflected by the pleadings. The question

here involved is the title to such property. Therefore, we sustain the plaintiff Odis Alexander's first point. There being nothing in the record to indicate that a different result might be reached upon another trial of this case, that part of the judgment of the trial court awarding to the plaintiff, Joe Exum, title to the land sued for is reversed and judgment entered that he take nothing by his suit.